UNITED STATES DISTRICT COURT
<u>EASTERN DISTRICT OF NEW YORK</u>

ARTHUR WHITAKER

                Plaintiff(s),          CASE No.: <u>11-cv-1546</u>

   -against-

THE CITY OF NEW YORK,
DET. VINCENT BARESE (Sh. 1540),
UNDERCOVER OFFICER NO. 0115,      **SECOND AMENDED COMPLAINT**
DET. CHRISTOPHER WARD (Sh. 5165),
DET. EVAGELOS DIMITRAKAKIS (Sh. 1793),  PLAINTIFF(S) DEMAND
POLICE OFFICER(S) "JANE DOE" AND      TRIAL BY JURY
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).
                Defendant(s).

---

      Plaintiff ARTHUR WHITAKER, by his attorney, PAUL A. HALE, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.   Plaintiff is also asserting supplemental state law tort claims.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, ARTHUR WHITAKER, born in 1939 and who was 70 years old at the time of the incident, is a African American male, a citizen of the United States, and at all relevant times a resident of the State of New York.

7. DET. VINCENT BARESE (Sh. 1540) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

8. UNDERCOVER OFFICER NO. 0115[1] at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. DET. CHRISTOPHER WARD (Sh. 5165) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

10. DET. EVAGELOS DIMITRAKAKIS (Sh. 1793) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color

---

[1] In defendant's supplemental disclosures dated February 13th, 2012 defense named the undercover officer who allegedly observed plaintiff simply as "Undercover Police Officer No. 0115 (primary UC during buy-and-bust operation)". In interests of the officer's security he is only being named in this lawsuit as UNDERCOVER OFFICER No. 0115 and is being served under his identification number as per the defense's request.

of state law. He is being sued in both their individual and official capacity.

11. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

13. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

### FACTUAL ALLEGATIONS

11. On March 7th, 2009 at approximately 6:30 PM plaintiff was legally driving his granddaughter to McDonalds on Howard Ave. and Hancock St. in Brooklyn, NY.

12. At the above time and place plaintiff's car was surrounded by at least four plain clothes NYPD detectives with their guns drawn.

13. Plaintiff was yanked out of the car and handcuffed by the arresting officer, DET. VINCENT BARESE.

14. Plaintiff's girlfriend was called and she picked up his granddaughter.

15. After the arrest plaintiff had his heart medication taken from him by DET. VINCENT BARESE.

16. Upon information and belief an UNDERCOVER OFFICER NO. 0115 claims to have observed plaintiff making a hand to hand drug transaction, despite never seeing any contraband, recovering any contraband from plaintiff nor recovering any pre-marked money which the UNDERCOVER OFFICER NO. 0115 used to buy contraband from another arrested individual.  UNDERCOVER OFFICER NO. 0115 then reported this to other officers despite there being no contraband seen or recovered.  In fact, UNDERCOVER OFFICER NO. 0115 claims in his report that another arrested individual went to an entirely different location that had nothing to do with MR. WHITAKER and returned with the contraband he was arrested for.

17. Plaintiff was then handcuffed and placed in a NYPD van for approximately 2 hours.

18. Plaintiff was taken to the 81st Precinct.

19. Plaintiff asked for his heart medication because he started to experience extreme chest pains, however, DET. VINCENT BARESE denied this request.

20. Plaintiff asked to go to the hospital but DET. VINCENT BARESE told him he would "lose his paperwork" if he went to the hospital.

21. Plaintiff was held overnight at the precinct.

22. Sometime the next day plaintiff was transported to Central Booking.  Upon information and belief the officer driving the transport van was either DET. CHRISTOPHER WARD (Sh. 5165) or DET. EVAGELOS DIMITRAKAKIS (Sh. 1793).[2]

23. While being interviewed by EMS plaintiff told them he had a bad heart and he was feeling extreme pain in his chest.

---

[2] In defendant's supplemental disclosures dated February 13th, 2012 DET. CHRISTOPHER WARD (Sh. 5165) is described as "escort officer for medical treatment of plaintiff" and DET. EVAGELOS DIMITRAKAKIS (Sh. 1793) is described as "escort officer included on the prisoner movement slip."  Upon further inquiry by myself and defense counsel it cannot be determined at this time exactly who was the driver of the prisoner van.

24. EMS told the officer who transported plaintiff to Central Booking to take him to the hospital. Upon information and belief the officer driving the transport van was either DET. CHRISTOPHER WARD (Sh. 5165) or DET. EVAGELOS DIMITRAKAKIS (Sh. 1793).

25. Instead, DET. CHRISTOPHER WARD (Sh. 5165) or DET. EVAGELOS DIMITRAKAKIS (Sh. 1793) took plaintiff back to the 81st Pct.

26. At approximately 7 PM plaintiff was transported to the 83rd Pct. by either DET. CHRISTOPHER WARD (Sh. 5165) or DET. EVAGELOS DIMITRAKAKIS (Sh. 1793).

27. Plaintiff was placed in a cell until approximately March 9th, 2009 at 2 AM when he was released from the precinct without an explanation or apology.

28. Plaintiff was forced to walk home in the rain which resulted in him catching a cold.

29. This was plaintiff's first contact with police since the 1960's.

30. At the above time and place plaintiff was wrongfully arrested without a warrant, probable cause, or consent.

31. There was no reasonable suspicion of wrongdoing when plaintiff was approached, seized, detained, and arrested.

32. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

33. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

34. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

35. During the events described above, defendants acted maliciously and with the intent to injure plaintiff.

36. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him; and

    F. Denied equal protection under the law.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. S 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

      42.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

      43.    The acts complained of deprived plaintiff of his rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have excessive force imposed upon him;

    E. Not to have summary punishment imposed upon him; and

    F. To receive equal protection under the law.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

      1.    On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

      2.    Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: 1/23/2012

Brooklyn, NY

                                                                                                */s/ Paul Hale*
Attorney for Plaintiff(s)
PAUL HALE ESQ. [PH-8273]
26 Court Street, Suite 1901
Brooklyn, NY 11242
PHONE: (718) 554-7344